CHRISTOPHER E. PLATTEN - 111971
CAROL L. KOENIG - 162037
WYLIE, McBRIDE, PLATTEN & RENNER
2125 Canoas Garden Avenue, Suite 120
San Jose, California 95125
Telephone: (408) 979-2920
Facsimile: (408) 979-2934

Attorneys for Plaintiffs JEFFREY WELCH,
GLEN BISHOP, MITCHELL WITSINSKI,
ROBERT CULBERTSON
and other employees similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY WELCH, GLEN BISHOP, MITCHELL WITSINSKI, ROBERT CULBERTSON and other employees similarly situated,

Plaintiffs,

vs.

CITY OF SAN JOSE,

Defendant.

Case No. C08 02132

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT AND OTHER RELIEF

**NATURE OF COMPLAINT**

1. Plaintiffs are, or at all times material were, employees of the Defendant CITY OF SAN JOSE ("City"), California, and they bring this action on behalf of themselves and those similarly situated. This is an action for declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for compensation and other further relief under the Fair Labor Standards Act, as amended, 29 U.S.C. sections 201, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred on this court by 28 U.S.C. section 1331 because the action arises under the FLSA, a federal law, and because such suit is authorized by 29 U.S.C. section 216(b). Venue lies within this district pursuant to 28 U.S.C.

section 1391 and Local Rule 3-2(d) because the events giving rise to the action took place in Santa Clara County.

### INTRADISTRICT ASSIGNMENT

3. The basis for assignment to the San Jose Division, pursuant to Civil Local Rule 3-2(d), is that this action arises in the County of Santa Clara.

### PARTIES

4. Plaintiffs are, or at all times material were, employees of the City of San Jose. Each of the plaintiffs has given their written consent to be a party in this action pursuant to 29 U.S.C. section 216 (b).

5. Defendant City is a political subdivision of the State of California, a public agency within the meaning of 29 U.S.C. section 203(d).

### CLAIMS FOR RELIEF

6. At all times material, the Plaintiffs have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. sections 201, *et seq.*

7. At all times material, the Plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. section 207. As a result, at all times material, Plaintiffs have been entitled to overtime compensation at a rate not less than one and one-half times their regular rate of pay for the hours of overtime worked.

8. Plaintiffs are, or at all times material were, firefighters and employees engaged in fire protection for the City. Under the FLSA and the Department of Labor's regulations applicable to firefighter employees, the employer may establish and declare a work period of not less than seven days nor more than 28 days. (29 U.S.C. section 207; 29 C.F.R. section 553.201.) The City has established and declared a work period of 14 days for administrative employees and 28 days for employees who perform suppression (shift) work.

9. Pursuant to the Department of Labor's regulations, the Defendant must pay administrative employees assigned to a 14 day work period overtime compensation at a

COMPLAINT; Case No.

rate not less than one and one-half times their regular rate of pay (hereinafter "FLSA rate") for hours worked in excess of 106 hours per 14-day work period. (29 C.F.R. § 553.230) Also pursuant to the Department of Labor's regulations, the Defendant must pay suppression employees assigned to a 28-day work period overtime compensation at a rate not less than one and one-half times their "regular rate" of pay for hours worked in excess of 212 hours per 28-day work period. (29 C.F.R. § 553.230) The FLSA "regular rate" of pay, as defined by statute, must include holiday "in lieu of pay" and certain premium pays (e.g., Emergency Medical Technician pay, bilingual pay, education incentive pay, administrative assignment pay, etc.). Overtime hours which do not result in more than 106 total hours of work in a 14-day period for administrative employees or 212 hours in a 28-day work period for shift employees may be paid at one and one-half times a lower hourly rate.

10. The City has adopted and is using a payroll accounting system that regularly undercounts the number of overtime hours for which the FLSA rate applies for Plaintiffs working as administrative employees and for Plaintiffs working as suppression employees. That is, the City is paying the lower non-FLSA rate of pay for overtime hours that, under law, should be paid at the higher FLSA rate. As a result, the overtime pay that the City has been paying is frequently less than that to which the Plaintiffs are entitled to by the FLSA.

11. Since before April 23, 2005, the City has violated, and is continuing to violate, 29 U.S.C. section 207 and the regulations of the U.S. Department of Labor by failing and refusing to pay FLSA overtime compensation to Plaintiffs at a rate not less than one and one-half times the FLSA rate for hours worked in excess of the hourly and work period standards applicable to firefighter employees under 29 U.S.C. section 207(k).

12. The City's violations of the FLSA as alleged herein have been done in a willful and bad faith manner in that the City received notice through a previous court action that it must include holiday-in-lieu pay and other premium pays when calculating the FLSA rate of pay and that the FLSA rate must be paid for all hours worked in excess of the

statutory limits of 106 for administrative employees and 212 for shift employees. (*Sekany v. City of San Jose*, Case No. 98-21081 JW)

13. In addition, the City was notified by the Plaintiffs in December 2007 that the payroll system it has adopted was undercounting the number of overtime hours subject to the FLSA rate of pay. Despite the Plaintiffs demand that the City correct this undercounting, the City refused, and has continued to refuse, to correct the problem.

14. As a result of these willful violations of the FLSA, overtime compensation has been unlawfully withheld by the City from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. section 216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorney fees and the costs of this action.

15. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of the City, and the Plaintiffs are unable to state at this time the exact amount owing to each of them. The City is under a duty imposed by 29 U.S.C. section 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of the City's liability can be ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

1. Enter a declaratory judgment declaring that the City has willfully and wrongfully violated its statutory and legal obligations, and deprived Plaintiffs of their rights, protections and entitlements under federal law, as alleged herein;

2. Order a complete and accurate accounting of all compensation to which Plaintiffs are entitled;

3. Award each Plaintiff monetary damages in the form of back pay compensation, and liquidated damages equal to their unpaid compensation, plus pre-judgment interest and post-judgment interest;

4. Award Plaintiffs their reasonable attorney's fees to be paid by the City, and the costs of this action; and

5. Order the City to modify its payroll accounting system so that it accurately calculates and pays the amount of FLSA overtime compensation to which the plaintiffs are entitled.

6. Grant such other relief as may be just and proper.

Dated: April 23, 2008

Respectfully submitted,

WYLIE, McBRIDE,
PLATTEN & RENNER

*[signature]*
CHRISTOPHER E. PLATTEN

*[signature]*
CAROL L. KOENIG
Attorneys for Plaintiffs

I:\230/71696/complaint

COMPLAINT; Case No.

5

## CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
JEFFREY WELCH, GLEN BISHOP, MITCHELL WITSINSKI, ROBERT CULBERTSON, and other employees similarly situated

### DEFENDANTS
CITY OF SAN JOSE

C08 02132  JF  PVT

(b) County of Residence of First Listed Plaintiff: **SANTA CLARA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **SANTA CLARA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
CAROL L. KOENIG, ESQ. #162037
CHRISTOPHER E. PLATTEN, ESQ. #111971
Wylie, McBride, Platten & Renner
2125 Canoas Garden Ave #120
San Jose, CA 95125

Attorneys (If Known)

HDR

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | SOCIAL SECURITY | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | 862 Black Lung (923) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | [X] 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 740 Railway Labor Act | FEDERAL TAX SUITS | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / 530 General | | | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §201 et. seq.

Brief description of cause: Failure to pay proper FLSA overtime

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ undetermined
[ ] CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE JAMES WARE   DOCKET NUMBER C07-06424 JW

DATE: April 23, 2008
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44